UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

THE PRODUCE CONNECTION INC.,

Debtor.

_____/

Case No. 16-26156-AJC

Chapter 7

### TRUSTEE'S MOTION FOR APPROVAL OF (1) FINAL ACCOUNTING OF PACA TRUST ASSETS AND EXPENSES, INCLUDING AWARD OF TRUSTEE'S AND PROFESSIONALS' FEES AND COSTS FROM TRUST, AND (2) PROPOSED FINAL DISTRIBUTION OF PACA TRUST ASSETS NET OF EXPENSES TO TRUST BENEFICIARIES

Barry E. Mukamal, the chapter 7 trustee for the estate of the debtor, pursuant to 11 U.S.C. §105(a) and the various orders described below, files this Motion for Approval of (1) Final Accounting of PACA Trust Assets and Expenses, including Award of Trustee's and Professionals' Fees and Costs from Trust, and (2) Proposed Final Distribution of PACA Trust Assets Net of Expenses to Trust Beneficiaries, and states:

### Summary

1.      In this case, the trustee is administering assets for creditors, but he must necessarily also administer assets for the produce growers and supplier who are the beneficiaries of the statutory trust that comprises the great majority of the assets presently in the estate. That 93% of the undifferentiated assets are PACA trust assets was adjudicated by the court on August 8, 2018 [DE 225]. This motion seeks approval of some fine-tuning of the allocation and approval of the trustee's accounting of which assets and which expenses are to be paid from the PACA Trust's allocation, and seeks authority to make the final distribution to the beneficiaries of the PACA trust.

### A.      Procedural History

2.      On December 5, 2016, the debtor filed a voluntary petition for relief under

Chapter 7 of the Bankruptcy Code and the movant was appointed trustee.    The debtor was a dealer in perishable agricultural commodities, licensed under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e *et seq.*, which provides extraordinary protection for certain produce growers and distributors.  The most notable feature of the law, for the purposes of insolvency proceedings, is its imposition of a statutory trust ("PACA Trust"), over all property of the debtor traceable to the produce which it received but didn't pay for, for the benefit only of certain qualified vendors ("PACA Trust Beneficiaries").[1]

3.    On March 9, 2017, the court entered an order granting Trustee's and PACA Creditors' Motion to Approve Claim Procedure, Including Setting a PACA Claim Bar Date [DE 105], providing for a April 12, 2017 deadline to file claims for beneficial interests under PACA and a April 26, 2017 deadline to object to the PACA beneficial interests so claimed.

4.    On March 16, 2017, the court entered an order granting the Trustee's Motion for Authority to Administer PACA Trust Assets, Pay PACA Trust Expense, and Report Proposed Allocations, and Setting Deadlines [DE 114].  By that order, the trustee was authorized to administer assets and administer the PACA claims process and was directed to submit an order for interim distribution to PACA beneficiaries at the earliest opportunity.

5.    The trustee auctioned the debtor's personal property, collected most receivables, made litigation recoveries, sold the debtor's real properties, paid the real property tax liens, and settled with and paid the two mortgage holders.

---

[1] The PACA Trust in which these beneficiaries share consists of "[p]erishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products…" 7 U.S.C. §499e(c)(2).  "The trust is made up of perishable agricultural commodities received in all transactions, all inventories of food or other products derived from such perishable agricultural commodities, and all receivables or proceeds from the sale of such commodities and food or products derived therefrom. Trust assets are to be preserved as a nonsegregated "floating" trust.  Commingling of trust assets is contemplated."  7 U.S.C. §499e(b).

6. In a series of orders, the court established that the creditors listed on the attached **Exhibit A** are allowed PACA trust beneficiaries with trust claims in the amounts reflected in Column C. See DE 217, 238, 245, 257.[2] The allowed PACA beneficiaries' claims total $2,306,260.87, and they have already received payments in the amounts shown in Column D totaling $1,037,804.72.

**B.   Final Allocation of Assets**

7. It has been obvious since the commencement of the case that the great majority of assets recovered or liquidated by the trustee would be PACA Trust assets. But not all the assets are derived from produce sales revenue. Six to seven percent of sales were of products that were not "perishable agricultural commodities" within the meaning of the PACA statute, and some of the equity built up in the debtor's building was derived from other non-PACA assets (a citrus canker settlement and sale proceeds from a prior building, and loans both from institutional lenders and, purportedly, from the debtor's principal). However, the debtor used its produce sales revenue to pay the loans and build equity in its building. The expense of tracing those payments in a way that would permit the court to distinguish the source of the funds as PACA Trust or estate property was too burdensome to justify, so the PACA Trust Beneficiaries made a settlement with the estate in 2018. Pursuant to this court's order [DE #225], a formula for dividing assets into categories (a), (b), and (c) was approved upon notice to all creditors:

> For all purposes of this case, (a) 93% of the sale proceeds of real and personal property and the collection of accounts receivable and contract receivables belong to the PACA Trust and 7% belong to the bankruptcy estate free of the PACA Trust; (b) all disgorgements of any transfers of an interest in property that derive from a PACA Trust asset are also PACA Trust assets; (c) all recoveries from actions under Sections 544 through 549 of the Bankruptcy Code ("Avoidance Actions"), as opposed to from

---

[2] To avoid a continual, and practically impossible, re-calculating of pro rata shares between those beneficiaries whose invoices entitled them to various rates of interest and those whose invoices provided no entitlement to interest, the proration has been fixed with interest—if appropriate—calculated through April 12, 2017, the PACA claims deadline.

3

disgorgement under trust principles, are estate assets not subject to the PACA Trust; (d) all liens against proceeds that are divided 93%-7% are also divided in the same fashion; and (e) all expenses of the administration of the estate and PACA Trust are divided 93%-7%, except that the trustee's attorney's fee and accounting fee for services directed only to Avoidance Actions are not allocable for payment from PACA Trust assets.

Order Granting Trustee's Motion for Approval of Compromise With PACA Trust Beneficiaries as to Final Allocation of Assets and Expenses Between PACA Trust and Bankruptcy Estate [DE #225], ¶2.

8.    While this formula was referred to as a "final allocation," the trustee believes it is necessary to obtain the court's confirmation that the trustee has applied the formula correctly now that the time to close the case is approaching.  The attached **Exhibit B** shows how:

category (a) non-litigation recoveries, from the liquidation of real and personal property, including the collection of ordinary accounts receivable, are divided 93%/7% between the trust and the estate; they total $3,162,471.40 (or $2,941,098.40 PACA Trust and $221,373.00 Estate);[3]

category (b) recoveries, derived from disgorgement action under trust principles, are allocated 100% to the trust; the only such recovery was $169,454.67 from the U.S. Department of Defense;

category (c) recoveries, derived from avoidance actions that did not include a count for disgorgement under trust principles, are allocated to the estate; the only such recoveries totaled $17,120 from two defendants;

recoveries made in actions that included both avoidance counts and a disgorgement count are divided as in category (a), divided 93%/7% between the trust and the estate; this comprised the recoveries from four adversary proceedings, totaling $265,757.75 (or $247,154.71 PACA Trust and $18,603.04 Estate).

The gross recoveries, then, were $3,357,707.78 by the PACA Trust and $257,096.04 by the bankruptcy estate.  There are no more assets for the trustee to recover or liquidate.

## C.    Final Allocation of Expenses

9.    In preparing a proposed final report, it is necessary for the trustee to  determining

---

[3]  These figures include $1,686.86 which is unclaimed funds held by the State of Florida which will be received prior to the hearing on this motion.

the allocations of expenses, so that (a) the PACA Trust Beneficiaries will receive exactly the amount left over from PACA Trust assets after paying (or reserving for) the Trust's share of liens and administrative expenses, and (b) the general creditors—including the deficiency claims of PACA trust beneficiaries without postpetition interest—will receive the estate assets after paying the estate's share of liens and administrative expenses.  As for expenses, the final allocation formula approved in DE 225, ¶2(d) and (e), quoted in paragraph 7 above, is that the Trust's share of liens and other expenses is 93% of all administrative expenses, *excepting* "the attorneys' fee and accounting fee for services directed only to Avoidance Actions."

10.    The trustee engaged GrayRobinson, P.A. as his attorney for both transactional and litigation matters, Bast Amron as special litigation counsel, Robert Goldman as special collection counsel, and KapilaMukamal, LLC for accounting services.   All these fees, as shown on the schedules in **Exhibit B**, should be divided 93%/7%, with two exceptions:

a.    $4,560.00 in attorney's fees related solely to the pure avoidance actions against Roadrunner Transportation and All Points Transportation, which must be allocated solely to the estate; and

b.    $9,344.60 in attorney's fees related solely to the adversary proceeding against the U.S. Department of Defense, and should be allocated solely to the PACA Trust.  While this is not strictly allocated in DE 225 wholly to the PACA Trust, the trustee submits that it was the intention of PACA Trust beneficiaries that the Trust would bear the expense for attorney services that ran 100% for the Trust's benefit.

The trustee's own statutory fee of $133,903.11 on all disbursements to parties in interest, is calculated in accordance with Section 326(a) of the Bankruptcy Code, and is allocated 93% to the PACA Trust and 7% to the estate in accordance with DE 225.  This split, $124,529.89 to the

Trust and $9,373.22 to the general estate, is included on Exhibit B on the line "Chapter 7 Admin Claims" under the columns "Disbursements 93% PACA" and "Disbursements 7% Estate."

11.     Exhibit B reflects the allocations of liens and other expenses, including the yet-unpaid trustee's fee and final fees to GrayRobinson and KapilaMukamal, on the line "Chapter 7 Admin Claims" under the four colums labeled Disbursements.  As can be seen from the totals of the disbursement columns, the total disbursements allocable to the PACA Trust, are $3,356,001.12, mostly distributions already made to secured creditors and PACA Trust beneficiaries.  And the total disbursements allocable to the Estate are $178,687.77.  Exhibit B shows how each category of expenses is allocated:

> (a)     $1,848,873.98 in liens and sale costs, already paid, have been allocated on a 93%/7% split, just as the gross sale proceeds were;

> (b)     $28,570.18 in bank fees, already paid, were allocated on that same 93/7 split;

> (c)     a $175.47 postpetition wage claim, already paid pursuant to the chapter 7 operating order [DE 11], was allocated on the 93/7 split; and

> (c)     $1,037,804.72, already distributed to PACA trust beneficiaries, was allocated solely against the PACA trust;

12.     That left to be determined $619,264.54 in the claimed fees and costs of the trustee and his professionals for administering the Trust and the Estate.  As noted in paragraph 9 above, DE 225 provided for all fees and costs to be allocated on a 93/7 split except for the fees from "avoidance actions," which were to be allocated to the estate.  In paragraph 10 above, the trustee has recommended a slight reinterpretation of this allocation so that the fees in the *All Points, Road Runner*, and *Department of Defense* proceedings be allocated in the same way as the

recoveries in those proceedings are allocated.

13.    The $619,264.54, of which $572,010.14 should be allocated to the PACA Trust,

comprises:

| | | |
|---|---|---|
| Trustee's Accountant Int. Fees/Exp | KapilaMukamal LLP | $83,048.22 (paid) |
| Trustee's Accountant Final Fee App | KapilaMukamal LLP | $11,831.31 |
| Trustee's Accountant Holdbacks | KapilaMukamal LLP | $20,339.76 |
| Trustee's Attorney Fees/Exp | Bast Amron LLP final | $12,675.64 (paid) |
| | Robert E. Goldman final | $21,600.26 (paid) |
| | GrayRobinson PA interim | $198,408.18 (paid) |
| Trustee's Attorney Final Fee App | GrayRobinson PA | $41,515.85 |
| Attorney for Trustee Holdbacks | Gray Robinson PA | $47,089.30 |
| Auctioneer | Moecker Auctions Inc. | $8,825.09 (paid) |
| Trustee Statutory Fee & Exp (est.) | Barry E Mukamal, Trustee | $133,903.11 |
| TOTAL | | $619,264.54[4] |

## D.    Final Distribution to PACA Trust Beneficiaries

14.    Assuming the court awards fees in the amounts sought, and assuming that the

applications of the allocation formulas proposed in this motion are approved by the court, then

the Trust after payment of allocable administrative expenses and secured claims consists of

$1,039,511.30.

15.    Pursuant to several court orders  [DEs 238, 245, 257, and 342], the trustee has

previously made two distributions to the PACA Trust Beneficiaries:

$752,804.72 in 2018
$285,000.00 in 2020

Exhibit A shows these distributions, totaling $1,037,804.72, in column D.

16.    The difference between the Trust net of expenses, and the distributions to trust

beneficiaries already made is $1,706.66, as can be seen on **Exhibit C**.   This amount should be

divided pro rata among the PACA Trust beneficiaries as shown in column G on Exhibit A.   To

---

[4]  Of these fees and costs, $302,909.13 has already been paid pursuant to court order: Trustee's counsel [$71,735.05, DE 157, $62,701.07, DE 236, $63,924.06, DE 320], trustee's accountant [$74,869.64, DE 235, $8,178.58, DE 335], trustee's special counsel [$12,675.64, DE 337], trustee's auctioneer, [$8,825.09, DE 124, 186].

the extent any final fee application is allowed in a lesser or greater amount than shown on Exhibit B, or another administrative expense is approved in a lesser or greater amount than shown on Exhibit B, the difference will also be split 93%/7% between the PACA Trust and the Estate.

17.    The court's has previously ruled that the distributions to the PACA trust beneficiaries who were represented by Robert Goldman may be made payable to  Law Office of Robert Goldman Trust Account [DE 249, DE 342] and that the distribution to Cebollas El Fali e Hijos, S.L. may be made payable to Law Offices of Alejandro A. Zamora, Esq., P.A. Trust Account [DE 270, DE 342].  The same procedure should be authorized for the final distribution.

18.    The distribution to Trust beneficiaries requested in this motion will leave $78,408.27 for the Estate, after payment of its share of liens and administrative expenses, as shown on Exhibit B, line 43.  This is sufficient to pay the three tax priority claims of the Florida Department of Revenue (Claim 13, $180.80 and Claim 14, $3,129.43) and the IRS (Claim 100, $7,201.37), and make a roughly $68,000 distribution to general unsecured creditors (most of which is represented by the deficiency claims of the PACA Trust beneficiaries).  The claims objection process is complete, so the proposed distribution to Estate creditors will be the subject of the trustee's proposed final report which will be filed promptly after the court rules on this motion.

19.    Because the trustee's fee and the professional fees are to be paid partly by the Trust and partly by the Estate, the trustee proposes that the final fee applications be considered at the same time as this motion, for the purpose of fixing the Trust's share of the trustee's fee and his professional's fees and expenses, but that the fees of the trustee, and GrayRobinson, and KapilaMukamal not be paid until the Notice of Final Report is circulated and general creditors

8

have the opportunity to object to final fees to the extent the fee applications affect the Estate.

## Legal Authorities

20.     Section 725 of the Bankruptcy Code provides that "the trustee…shall dispose of any property in which an entity other than the estate has an interest…that has not been disposed of under another section of this title."  There is no other provision of the Code on the subject of the liquidation of trust assets or the disposition of the proceeds, but section §105(a) of the Bankruptcy Code—giving  this court the power to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Code]"—provides sufficient authority for distributing PACA Trust funds, because (a) the debtor holds *legal* title to the funds under 11 U.S.C. §541(d), (b) the PACA Trust beneficiaries are also creditors of the bankruptcy estate, and (c) the distribution of the trust funds is necessary for the court to determine the deficiency amount which will be claims against the general estate.  DE 114 implicitly recognized this in directing that the trustee administer the trust assets and make distributions to the beneficiaries.

## Consent of PACA Trust Beneficiaries

21.     The trustee has reviewed this motion with the five attorneys who represent 95% in dollar amount of the PACA Trust beneficiaries, and they have advised us that they support the motion.

WHEREFORE, the trustee seeks the entry of an order in the form attached as Exhibit D, approving the trustee's Exhibit B calculation of the final allocation of assets and expenses between the PACA Trust and the Estate outside the trust, determining the final fee awards to be made from the Trust, and directing a final distribution to the PACA trust beneficiaries in the amounts shown in column G of Exhibit A (as adjusted by any change the court may make in the fees and expenses of the trustee and his professionals allocable to the trust).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of this motion was served by electronic mail through the court's CM/ECF system to the parties noted below this 29th day of December, 2021. A complete certificate of service on all parties in interest will be filed promptly along with a certificate of service of the notice of hearing.

GRAYROBINSON, P.A.
Counsel for Trustee
401 E. Las Olas Blvd., Suite 1000
Fort Lauderdale, FL  33301
Ph. (954) 761-8111

s/Patrick S. Scott
Patrick S. Scott
Fla. Bar No. 290025
patrick.scott@gray-robinson.com

Electronic Service List

| | |
|---|---|
| Mark A Amendola | mamendola@martynlawfirm.com |
| Marc P Barmat | mbarmat@furrcohen.com, rrivera@furrcohen.com; atty_furrcohen@bluestylus.com |
| Robert E Goldman | robert@goldmanlaw.com |
| Timothy D Henkel | tdh@miamibusinesslitigators.com, kcampbell@miamibusinesslitigators.com |
| David E. Hicks | tbyington@kelleykronenberg.com |
| Michael S Hoffman | Mshoffman@hlalaw.com, sssssssssss hlaecf@gmail.com;kszolis@hlalaw.com; agarcia@hlalaw.com |
| Paul A Humbert | pa@pahumbertlaw.com |
| Harris J. Koroglu | hkoroglu@shutts.com, fsantelices@shutts.com |
| Gerard M Kouri Jr. | gmkouripaecf@gmail.com, gmkouri@bellsouth.net |
| Dennis J LeVine | tbyington@kelleykronenberg.com |
| June Monroe | june@rjlaw.com, abby@rjlaw.com;bart@rjlaw.com |
| Barry E Mukamal | bemtrustee@kapilamukamal.com, FL64@ecfcbis.com |
| Office of the US Trustee | USTPRegion21.MM.ECF@usdoj.gov |
| Alice E Solomon | asolomon@ustransportlaw.com, vobrien@ustransportlaw.com, anikolaidis@ustransportlaw.com |
| Robert A. Stok | service@stoklaw.com, rstok@stoklaw.com; dsuazo@stoklaw.com; jkon@stoklaw.com; rpassos@ stoklaw.com; yprado@stoklaw.com;alopez@stoklaw.com |
| Philip S. Vova | phil@psvova.com |

## EXHIBIT "A"

PACA Trust Claims

| A | B | C | D | E | G | H |
|---|---|---|---|---|---|---|
| Claim # | Claimant | Allowed | Already Paid | Balance | Third Distribution | Total Paid on Claim |
| 6-3 | World Variety Produce, Inc | 13,660.60 | 6,177.48 | 7,483.12 | 9.58 | 45.29% |
| 7 | Florida Fruit Company | 1,590.00 | 719.02 | 870.98 | 1.11 | 45.29% |
| 12 | Garland Food | 16,446.21 | 7,437.17 | 9,009.04 | 11.52 | 45.29% |
| 19-2 | Cebollas El Fali E Hijos S. L. | 8,850.00 | 3,903.66 | 4,946.34 | 104.61 | 45.29% |
| 20 | Farmer's Potato Distributing Llc | 9,729.87 | 4,399.96 | 5,329.91 | 6.82 | 45.29% |
| 21 | Niagara Fruit Company | 34,692.00 | 15,688.13 | 19,003.87 | 24.31 | 45.29% |
| 23 | Jacinto Flores Produce, Inc. | 5,614.00 | 2,538.72 | 3,075.28 | 3.93 | 45.29% |
| 26 | J.L. Tomato LLC | 4,560.00 | 2,062.09 | 2,497.91 | 3.19 | 45.29% |
| 27 | Edward L Myrick Produce, Inc. | 2,228.50 | 1,007.75 | 1,220.75 | 1.57 | 45.29% |
| 28 | C.H. Robinson Worldwide, Inc. | 51,297.36 | 23,197.27 | 28,100.09 | 35.94 | 45.29% |
| 29 | Buurma Farms, Inc. | 50,600.59 | 22,882.18 | 27,718.41 | 35.46 | 45.29% |
| 30 | Sun Belle Inc | 4,417.77 | 1,997.77 | 2,420.00 | 3.09 | 45.29% |
| 31 | Gargiulo, Inc | 3,753.16 | 1,697.22 | 2,055.94 | 2.63 | 45.29% |
| 35 | Tony Palumbo Mushroom and Trucking LLC | 24,659.63 | 11,151.37 | 13,508.26 | 17.28 | 45.29% |
| 37 | Sol Group Marketing Company | 1,818.60 | 822.39 | 996.21 | 1.28 | 45.29% |
| 39-2 | So Fresh Wholesale Corp. | 97,987.84 | 44,311.25 | 53,676.59 | 68.66 | 45.29% |
| 40 | Lange Company International, Inc. dba Seven Seas | 29,533.28 | 13,355.29 | 16,177.99 | 20.70 | 45.29% |
| 41 | Peterson Farms Fresh Inc | 31,510.11 | 14,249.24 | 17,260.87 | 22.08 | 45.29% |
| 42 | Muzzi Family Farms Llc | 19,115.17 | 8,644.10 | 10,471.07 | 13.40 | 45.29% |
| 43 | Freedom Fresh, LLC | 7,507.48 | 3,394.97 | 4,112.51 | 5.26 | 45.29% |
| 44 | Harvest Sensations, LLC | 11,332.78 | 5,124.82 | 6,207.96 | 7.94 | 45.29% |
| 45 | Four S, Inc., d/b/a M&R Produce Distributors | 154,334.89 | 69,792.04 | 84,542.85 | 108.15 | 45.29% |
| 46 | Vivid Fruit and Produce, LLC | 5,314.00 | 2,403.05 | 2,910.95 | 3.73 | 45.29% |
| 47 | Wayne E. Bailey Produce Company | 16,415.69 | 7,423.37 | 8,992.32 | 11.50 | 45.29% |
| 48-2 | Zabile, Inc. | 4,295.65 | 1,942.54 | 2,353.11 | 3.01 | 45.29% |
| 49 | Herbal House Quality Gardens | 2,486.80 | 1,124.56 | 1,362.24 | 1.74 | 45.29% |
| 50 | Puppys Jr. Produce Corp. | 7,031.47 | 3,179.71 | 3,851.76 | 4.93 | 45.29% |
| 52 | Bayshore Produce, LLC. | 388,456.57 | 175,664.61 | 212,791.96 | 272.19 | 45.29% |
| 53 | AAA American Select Produce, LLC. | 5,606.00 | 2,535.10 | 3,070.90 | 3.93 | 45.29% |
| 54-P | BP&W Wholesale Produce Corporation of Florida | 54,325.24 | 24,566.51 | 29,758.73 | 38.07 | 45.29% |
| 58 | Church Brothers, LLC | 134,223.10 | 60,697.26 | 73,525.84 | 94.05 | 45.29% |

## EXHIBIT "A"

PACA Trust Claims

| A Claim # | B Claimant | C Allowed | D Already Paid | E Balance | G Third Distribution | H Total Paid on Claim |
|---|---|---|---|---|---|---|
| 59-2 | Genaro Produce, Inc. | 95,807.00 | 43,325.05 | 52,481.95 | 67.13 | 45.29% |
| 60 | Coosemans Miami, Inc. | 89,822.80 | 40,618.92 | 49,203.88 | 62.94 | 45.29% |
| 61 | Consolidated Farms, Inc. | 37,147.55 | 16,798.56 | 20,348.99 | 26.03 | 45.29% |
| 62-P | Ernest & Sons, Inc. | 2,067.83 | 935.10 | 1,132.73 | 1.45 | 45.29% |
| 63 | Florida Elite Produce, Inc. | 20,296.80 | 9,178.45 | 11,118.35 | 14.22 | 45.29% |
| 64 | Leasa Industries Co., Inc. | 3,694.85 | 1,670.85 | 2,024.00 | 2.59 | 45.29% |
| 65 | M&M West Coast Produce, Inc. | 19,242.79 | 8,701.82 | 10,540.97 | 13.48 | 45.29% |
| 66 | Mineral King Produce, Inc. | 90,905.24 | 41,108.42 | 49,796.82 | 63.69 | 45.29% |
| 67 | Natures Fresh Farms Sales, Inc. | 4,574.00 | 2,068.42 | 2,505.58 | 3.20 | 45.29% |
| 68-P | Oakes Farms, Inc. | 187,932.20 | 84,985.14 | 102,947.06 | 131.69 | 45.29% |
| 69-P | Robert Ernestion Produce Co., Inc. | 68,537.82 | 30,993.61 | 37,544.21 | 48.02 | 45.29% |
| 70 | Pero Family Farms Food Company, LLC. | 10,393.35 | 4,699.99 | 5,693.36 | 7.29 | 45.29% |
| 71 | Quality First Produce, Inc. | 193,169.10 | 87,353.32 | 105,815.78 | 135.36 | 45.29% |
| 72 | Sun Commodities, Inc. | 108,935.43 | 49,261.88 | 59,673.55 | 76.33 | 45.29% |
| 73 | Sanchez Produce, Inc. | 2,422.00 | 1,095.26 | 1,326.74 | 1.69 | 45.29% |
| 74 | WP Produce Corporation | 12,821.50 | 5,798.03 | 7,023.47 | 8.99 | 45.29% |
| 75 | Domingo Produce Corp. | 486.00 | 219.78 | 266.22 | 0.34 | 45.29% |
| 76 | Cee-Bee Produce, Inc. | 12,201.91 | 5,517.85 | 6,684.06 | 8.55 | 45.29% |
| 77 | Deleon Produce Sales, Inc. | 13,433.00 | 6,074.56 | 7,358.44 | 9.41 | 45.29% |
| 78 | Capital Produce Distributors, Inc. | 44,999.78 | 20,349.43 | 24,650.35 | 31.53 | 45.29% |
| 79 | Cambridge Farms, Inc. | 37,321.56 | 16,877.25 | 20,444.31 | 26.15 | 45.29% |
| 80 | Chano Produce, Inc. | 16,805.00 | 7,599.42 | 9,205.58 | 11.77 | 45.29% |
| 85 | Yes Fresh, Inc. | 1,869.00 | 845.18 | 1,023.82 | 1.30 | 45.29% |
| 91 | Hernandez & Luna Produce | 16,890.00 | 7,637.83 | 9,252.17 | 11.85 | 45.29% |
| | | 2,295,170.87 | 1,037,804.72 | 1,257,366.15 | 1,706.66 | |

# EXHIBIT "B" - Allocation of Recoveries Between PACA Trust and Estate

| Row Labels | Receipts (93% PACA) | Receipts (7% Estate) | Receipts (100% PACA) | Receipts (100% Estate) | Disbursements (93% PACA) | Disbursements (7% Estate) | Disbursements (100% PACA) | Disbursements (100% Estate) |
|---|---|---|---|---|---|---|---|---|
| 13172 Amaryllis Cir, Port Charlotte, FL | 20,925.00 | 1,575.00 | | | 5,788.03 | 435.66 | | |
| 1997 Chevrolet 2500 | 279.00 | 21.00 | | | - | - | | |
| 2002 Hino FD2320 | 3,022.50 | 227.50 | | | - | - | | |
| 2004 Mitsubishi Fuso2 | 4,417.50 | 332.50 | | | - | - | | |
| 2006 Sprinter Van | 930.00 | 70.00 | | | - | - | | |
| 2006 Chevrolet W4500 | 10,695.00 | 805.00 | | | - | - | | |
| 2007 Chevrolet W4500 | 2,325.00 | 175.00 | | | - | - | | |
| 2008 Mitsubishi | 12,787.50 | 962.50 | | | - | - | | |
| 2009 Chevrolet W4500 | 33,015.00 | 2,485.00 | | | - | - | | |
| 2011 Peterbuilt PB357 | 7,905.00 | 595.00 | | | 6,231.00 | 469.00 | | |
| 2012 Dodge Ram 1500 | 12,090.00 | 910.00 | | | 1,384.85 | 104.24 | | |
| 2012 Mercedes-Benz Sprinter Van2 | 4,417.50 | 332.50 | | | - | - | | |
| 2014 Isuzu NPR | 2,203,750.00 | 166,250.00 | | | 1,703,315.64 | 128,206.55 | | |
| 2200 NW 23 St, Miami, FL | 465,180.80 | 35,013.61 | 169,454.67 | | - | - | | |
| Accounts Receivable | | | | | - | - | | |
| Adv 18-01103 - US Dept of Defense | 19,530.00 | 1,470.00 | | | - | - | | |
| Adv 18-01200 - Morgans 2829 Inc | | | | | - | - | | |
| Adv 18-01471 - Roadrunner Transport | | | | 8,000.00 | - | - | | |
| Adv 18-01472 - All Points Transportation | | | | 9,120.00 | - | - | | |
| Adv 18-01475 - Transamerica Life Ins | 155,141.43 | 11,677.31 | | | - | - | | |
| Adv 18-01477 - Prudential Life Ins | 55,800.00 | 4,200.00 | | | - | - | | |
| Adv 18-01479 - Morris E. Corbitt | 16,683.28 | 1,255.73 | | | 2,733.28 | 205.73 | | |
| Banking Technology Fees | | | | | 26,570.27 | 1,999.91 | | |
| Chapter 7 Admin Claims | | | | | 562,665.54 | 42,694.40 | | |
| Equipment | 22,925.66 | 1,725.59 | | | - | - | 9,344.60 | 4,560.00 |
| Insurance Brokerage Antitrust Litigation | 46.50 | 3.50 | | | - | - | | |
| Insurance Premium Refund/Rebate | 4,879.51 | 367.27 | | | - | - | | |
| Office Furniture | 745.40 | 56.11 | | | - | - | | |
| PACA Claimants | - | - | | | - | - | 1,037,804.72 | |
| Sabadell United Bank A/N 1808 | 78,796.54 | 5,930.92 | | | - | - | | |
| Settlement with AMEX | 46,500.00 | 3,500.00 | | | - | - | | |
| Wages | | | | | 163.19 | 12.28 | | |
| Wells Fargo Checking | 465.00 | 35.00 | | | - | - | | |
| Grand Total | 3,188,253.11 | 239,976.04 | 169,454.67 | 17,120.00 | 2,308,851.80 | 174,127.77 | 1,047,149.32 | 4,560.00 |

detail on eight page schedule attached

| Reference Type | Category | paid_to_recd_from_name | Data Receipts | Disbursements |
|---|---|---|---|---|
| 13172 Amaryllis Cir, Port Charlotte, FL | Asset Proceeds | Pro Title of Florida, Inc | $22,500.00 | $494.38 |
| | Chapter 7 Admin Claims | Pro Title of Florida, Inc | $0.00 | $3,479.31 |
| | Other State or Local Taxes | Pro Title of Florida, Inc | $0.00 | $2,250.00 |
| | Realtor Fees | | $0.00 | |
| 13172 Amaryllis Cir, Port Charlotte, FL Total | | | $22,500.00 | $6,223.69 |
| 1997 Chevrolet 2500 | Asset Proceeds | Moecker Auctions Inc. | $300.00 | $0.00 |
| 1997 Chevrolet 2500 Total | | | $300.00 | $0.00 |
| 2002 Hino FD2320 | Asset Proceeds | Moecker Auctions Inc. | $3,250.00 | $0.00 |
| 2002 Hino FD2320 Total | | | $3,250.00 | $0.00 |
| 2004 Mitsubishi Fuso | Asset Proceeds | Moecker Auctions Inc. | $4,750.00 | $0.00 |
| 2004 Mitsubishi Fuso Total | | | $4,750.00 | $0.00 |
| 2006 Sprinter Van | Asset Proceeds | Moecker Auctions Inc. | $1,000.00 | $0.00 |
| 2006 Sprinter Van Total | | | $1,000.00 | $0.00 |
| 2007 Chevrolet W4500 | Asset Proceeds | Moecker Auctions Inc. | $11,500.00 | $0.00 |
| 2007 Chevrolet W4500 Total | | | $11,500.00 | $0.00 |
| 2008 Mitsubishi | Asset Proceeds | Moecker Auctions Inc. | $2,500.00 | $0.00 |
| 2008 Mitsubishi Total | | | $2,500.00 | $0.00 |
| 2009 Chevrolet W4500 | Asset Proceeds | Moecker Auctions Inc. | $13,750.00 | $0.00 |
| 2009 Chevrolet W4500 Total | | | $13,750.00 | $0.00 |
| 2011 Peterbuilt PB357 | Asset Proceeds | Moecker Auctions Inc. | $35,500.00 | $0.00 |
| 2011 Peterbuilt PB357 Total | | | $35,500.00 | $0.00 |
| 2012 Dodge Ram 1500 | Asset Proceeds | Moecker Auctions Inc. | $8,500.00 | $0.00 |
| | Secured Liens | Ally Bank | $0.00 | $6,700.00 |
| 2012 Dodge Ram 1500 Total | | | $8,500.00 | $6,700.00 |

| Asset | Category | Payee | Amount 1 | Amount 2 |
|---|---|---|---|---|
| 2012 Mercedes-Benz Sprinter | Asset Proceeds | Moecker Auctions Inc. | $13,000.00 | $0.00 |
| | Secured Liens | Mercedes-Benz Financial Services USA LLC | $0.00 | $1,489.09 |
| 2012 Mercedes-Benz Sprinter Van Total | | | $13,000.00 | $1,489.09 |
| 2014 Isuzu NPR | Asset Proceeds | Moecker Auctions Inc. | $4,750.00 | $0.00 |
| 2014 Isuzu NPR Total | | | $4,750.00 | $0.00 |
| 2200 NW 23 St, Miami, FL | Asset Proceeds | GARCIA LAW GROUP PA/ BRANCH BKG | $2,375,000.00 | $0.00 |
| | Chapter 7 Admin Claims | WILSON | $0.00 | $466.50 |
| | | Miami-Dade Property Tax Collector | $0.00 | $3,463.00 |
| | Costs to Secure/Maintain | American Bankers Ins. Co. of FL | $0.00 | ($3,000.00) |
| | | BG Law, PA | $0.00 | $16,703.82 |
| | | Brown & Brown of Florida Inc | $0.00 | $192.60 |
| | | Caraballo Locksmith | $0.00 | $139,585.97 |
| | | FIRST Insurance Funding Corp. | $0.00 | $11,360.81 |
| | | FPL | $0.00 | ($36,911.00) |
| | | Liberty Mutual | $0.00 | $2,375.00 |
| | | Miami Design Delivery | $0.00 | $6,812.69 |
| | | Miami-Dade Water and Sewer | $0.00 | $32,528.00 |
| | | ORNA Security | $0.00 | $1,235.00 |
| | Other State or Local Taxes | Other | $0.00 | $71,332.29 |
| | Real Property Tax Liens | Miami-Dade Property Tax Collector | $0.00 | $32,002.99 |
| | Realtor Fees | Miami-Dade Property Tax Collector | $0.00 | $142,500.00 |
| | Secured Liens | IBERIABANK | $0.00 | $1,357,110.10 |
| | | U.S. Small Business Administration | $0.00 | $53,744.42 |
| 2200 NW 23 St, Miami, FL Total | | | $2,375,000.00 | $1,831,522.19 |
| Accounts Receivable | Asset Proceeds | 26 Sushi K Group LLC | $1,612.02 | $0.00 |
| | | 2nd Fire LLC | $502.45 | $0.00 |
| | | ABL Management Inc | $611.25 | $0.00 |
| | | American Fruit & Produce Corp | $1,472.00 | $0.00 |
| | | American Restaurant Group #4 | $4,039.11 | $0.00 |
| | | American Welding Society | $393.25 | $0.00 |
| | | Anglers Club Members Association, Inc | $2,243.98 | $0.00 |
| | | Anglers Resort JV LLC | $2,683.63 | $0.00 |
| | | Aramark Global Business Services | $56,141.32 | $0.00 |
| | | Arce Produce Co | $637.75 | $0.00 |
| | | Ark Rustic Inc LLC | $4,032.10 | $0.00 |

| | Accounts Receivable | Asset Proceeds |
|---|---|---|
| Ark Rustic Inn LLC | $5,566.99 | $0.00 |
| Asif Ghaffar | $3,869.20 | $0.00 |
| Barry E Mukamal, Trustee | $809.06 | $0.00 |
| Bass Pro Outdoor World LLC | $2,377.18 | $0.00 |
| BBP Dadeland LLC | $3,003.70 | $0.00 |
| Beach Hotel Associates LLC | $5,823.73 | $0.00 |
| Beef O Bradys of Cooper Ci | $193.25 | $0.00 |
| Better Way of Miami Inc | $409.75 | $0.00 |
| Bills Catering, Inc | $9,530.10 | $0.00 |
| Bob & Wilsons Inc | $173.50 | $0.00 |
| Buns & Buns LLC | $3,180.01 | $0.00 |
| Chef Aryeh LLC | $129.58 | $0.00 |
| Chopsticks House | $350.26 | $0.00 |
| Chrysler Capital | $568.32 | $0.00 |
| Claridge House A Nursing & Rehabilitation Center | $1,636.00 | $0.00 |
| Coral Reef Yacht Club | $2,045.20 | $0.00 |
| Croydon Hotel LLC | $1,927.25 | $0.00 |
| CRP Insite Clipper LLC | $4,727.48 | $0.00 |
| Deering Bay Yacht and Country Club Inc | $16,997.32 | $0.00 |
| DeLucca Enterprises Inc | $211.78 | $0.00 |
| Den Davie Inc | $2,709.05 | $0.00 |
| Den East Pines Inc | $2,647.54 | $0.00 |
| Den Lake Worth Inc | $3,241.88 | $0.00 |
| Den North Beach Inc | $3,006.73 | $0.00 |
| Den Oakland Park LLC | $2,337.18 | $0.00 |
| Den Tamarac Inc | $3,645.90 | $0.00 |
| Den Virginia Gardens LLC | $3,041.18 | $0.00 |
| Den West Flagler LLC | $3,068.34 | $0.00 |
| Den West Pines Inc | $2,367.66 | $0.00 |
| Dennys Restaurant #8145 | $2,934.07 | $0.00 |
| Easter Seals of South Florida | $230.90 | $0.00 |
| Easter Seals South Florida | $226.05 | $0.00 |
| Essendant Co | $18.60 | $0.00 |
| Fado Pubs Inc | $1,083.65 | $0.00 |
| Fire Foods LLC | $1,683.90 | $0.00 |
| Fit2Go LLC | $2,489.85 | $0.00 |
| Fontainebleau Resort | $14,143.55 | $0.00 |
| Food Management Associates Inc | $955.40 | $0.00 |
| Gourmet To Go Inc | $893.25 | $0.00 |

| Accounts Receivable | Asset Proceeds |
|---|---|
| International Speedway Corporation | $10,186.94 | $0.00 |
| Joannas Marketplace Inc | $289.00 | $0.00 |
| KM Concessions Inc | $1,171.25 | $0.00 |
| La Plazita Cubana | $796.00 | $0.00 |
| Larkin Community Hospital | $17,453.19 | $0.00 |
| Lingenfelser Enterprises Inc | $1,595.40 | $0.00 |
| Lion County Safari Inc - Florida | $497.50 | $0.00 |
| Livewell at Coral Plaza | $475.60 | $0.00 |
| Lobster Bar Sea Grille | $19,390.80 | $0.00 |
| Mena Catering Inc | $4,423.73 | $0.00 |
| Mercy Hospital | $888.50 | $0.00 |
| Miami Beach Hospitality LLC | $324.00 | $0.00 |
| Myron Green Corporation | $882.80 | $0.00 |
| National Commercial Bank Jamaica Limited | $12,290.00 | $0.00 |
| New Riviera Nursing & Rehabilitation Center LLC | $2,988.33 | $0.00 |
| North Bay Inn LLC | $2,638.80 | $0.00 |
| Orchid Concessions Inc | $2,657.75 | $0.00 |
| Phoenix Dining of South Florida | $24,302.67 | $0.00 |
| Potions in Motion LLC | $1,967.10 | $0.00 |
| PPInc LLC | $21,250.25 | $0.00 |
| Preferred Meals | $54,337.05 | $0.00 |
| Regents Park of Boca Raton | $1,199.38 | $0.00 |
| Richard J Stone PA | $468.50 | $0.00 |
| Riviera Country Club | $436.00 | $0.00 |
| RREMC III, LLC | $715.77 | $0.00 |
| Sagicor Bank | $10,000.00 | $0.00 |
| Sagicor Bank Jamaica Limited | $10,000.00 | $0.00 |
| Sanmit Inc | $109.60 | $0.00 |
| Shortys IV Inc | $189.50 | $0.00 |
| Sir Pizza - Enterprises, Inc | $122.45 | $0.00 |
| South Miami Subs Inc | $478.20 | $0.00 |
| Stacey Health Care Centers | $1,932.60 | $0.00 |
| Sushi Rao USA, Inc | $388.80 | $0.00 |
| Sycamore Hospitality Inc | $1,319.20 | $0.00 |
| Tarpon Ben Raw Bar & Grill LLC | $4,782.95 | $0.00 |
| The Biltmore | $21,652.77 | $0.00 |
| The Concrete Lab LLC | $1,309.53 | $0.00 |
| The Produce Connection, Inc | $37,634.34 | $0.00 |
| The School Board of Miami-Dade County, FL | $338.24 | $0.00 |

| Accounts Receivable | Asset Proceeds | | | |
|---|---|---|---|---|
| | | The School Board of Palm Beach County, FL | $940.31 | $0.00 |
| | | Trump International Beach Resort | $5,752.05 | $0.00 |
| | | VI at Aventura | $3,826.78 | $0.00 |
| | | Victoria Nursing & Rehabilitation Center Inc | $5,001.55 | $0.00 |
| | | WDI Blue Heron LLC | $2,101.20 | $0.00 |
| | | WDI Restaurant Group | $1,533.56 | $0.00 |
| | | Westchester General Hospital | $4,071.18 | $0.00 |
| | | Whisk Gourmet Food Catering | $1,724.55 | $0.00 |
| | | Williams Island Property Owners Assn | $11,048.65 | $0.00 |
| | | Unclaimed Funds | $1,686.86 | $0.00 |
| Accounts Receivable Total | | | $500,194.41 | $0.00 |
| Adv 18-01103 - US Dept of Defense | Asset Proceeds | US Department of Treasury | $169,454.67 | $0.00 |
| Adv 18-01103 - US Dept of Defense Total | | | $169,454.67 | $0.00 |
| Adv 18-01200 - Morgans 2829 | Asset Proceeds | Law Office of Robert E Goldman | $21,000.00 | $0.00 |
| Adv 18-01200 - Morgans 2829 Inc Total | | | $21,000.00 | $0.00 |
| Adv 18-01471 - Roadrunner Transport | Asset Proceeds | Roadrunner Transportation Services Inc | $8,000.00 | $0.00 |
| Adv 18-01471 - Roadrunner Transport Total | | | $8,000.00 | $0.00 |
| Adv 18-01472 - All Points Transportation | Asset Proceeds | All Points Transportation LLC | $9,120.00 | $0.00 |
| Adv 18-01472 - All Points Transportation Total | | | $9,120.00 | $0.00 |
| Adv 18-01475 - Transamerica Life Ins | Asset Proceeds | Transamerica Life Insurance Company | $166,818.74 | $0.00 |
| Adv 18-01475 - Transamerica Life Ins Total | | | $166,818.74 | $0.00 |
| Adv 18-01477 - Prudential | Asset Proceeds | Prudential | $60,000.00 | $0.00 |
| Adv 18-01477 - Prudential Life Ins Total | | | $60,000.00 | $0.00 |
| Adv 18-01479 - Morris E. | Asset Proceeds | Morris E Corbitt III | $17,939.01 | $0.00 |

| | | | | |
|---|---|---|---|---|
| Adv 18-01479 - Morris E. | Secured Liens | Ford Motor Credit Company LLC | $0.00 | $2,939.01 |
| Adv 18-01479 - Morris E. Corbitt Total | | | | $2,939.01 |
| Banking Technology Fees | Bank Fees | Metropolitan Commercial Bank | | $10,323.28 |
| | | Rabobank, N.A. | | $18,246.90 |
| Banking Technology Fees Total | | | | $28,570.18 |
| Chapter 7 Admin Claims | Accountant for Trustee | KapilaMukamal LLP | | $83,048.22 |
| | Accountant for Trustee Final Fee App | KapilaMukamal LLP | | $11,831.31 |
| | Accountant for Trustee | KapilaMukamal LLP | | $20,339.76 |
| | Attorney Final Fee | Gray Robinson PA | | $41,515.85 |
| | Attorney for Trustee | BAST AMRON LLP | | $12,675.64 |
| | | Robert E. Goldman | | $21,600.26 |
| | | Gray Robinson PA | | $198,408.18 |
| | Attorney for Trustee | Gray Robinson PA | | $47,089.30 |
| | Auctioneer Expenses | Moecker Auctions Inc. | | $8,825.09 |
| | Estimated Trustee Statutory Fee & Exp | Barry E Mukamal, Trustee | | $133,903.11 |
| | Other Chapter 7 Admins | ADP LLC | | $35,778.07 |
| | | Sermar Enterprises, Equipment | | $750.00 |
| | | Yesenia A. Fisbein | | $2,631.75 |
| | | Shred Monkeys | | $868.00 |
| Chapter 7 Admin Claims Total | | | | $619,264.54 |
| Equipment | Asset Proceeds | Moecker Auctions Inc. | $24,651.25 | $0.00 |
| Equipment Total | | | $24,651.25 | $0.00 |
| Insurance Brokerage Antitrust Litigation | Asset Proceeds | Insurance Brokerage Antitrust Litigation | $50.00 | $0.00 |
| Insurance Brokerage Antitrust Litigation Total | | | $50.00 | $0.00 |
| Insurance Premium | Asset Proceeds | Aflac | $180.45 | $0.00 |
| | | Brown & Brown of Florida Inc | $4,660.00 | $0.00 |
| | | Neighborhood Health Partnership Inc | $145.19 | $0.00 |
| | | United Healthcare Benefit Services | $261.14 | $0.00 |
| Insurance Premium Refund/Rebate Total | | | $5,246.78 | $0.00 |

| Category | Type | Recipient | | |
|---|---|---|---|---|
| Office Furniture | Asset Proceeds | Moecker Auctions Inc. | $801.50 | $0.00 |
| **Office Furniture Total** | | | **$801.50** | **$0.00** |
| PACA Claimants | PACA Claimants | Buurma Farms, Inc. | $0.00 | $22,882.18 |
| | | C.H. Robinson Worldwide, Inc. | $0.00 | $23,197.27 |
| | | Cebollas El Fall E Hijos, S.L. | $0.00 | $0.00 |
| | | Edward L Myrick Produce, Inc. | $0.00 | $1,007.75 |
| | | Farmer's Potato Distributing LLC | $0.00 | $4,399.96 |
| | | FLORIDA FRUIT COMPANY | $0.00 | $719.02 |
| | | Four S, Inc., d/b/a M&R Produce Distributors | $0.00 | $69,792.04 |
| | | Freedom Fresh, LLC | $0.00 | $3,394.97 |
| | | Gargiulo, Inc | $0.00 | $1,697.22 |
| | | Garland Food | $0.00 | $7,437.17 |
| | | Harvest Sensations, LLC | $0.00 | $5,124.82 |
| | | Herbal House Quality Gardens | $0.00 | $1,124.56 |
| | | J.L. Tomato LLC | $0.00 | $2,062.09 |
| | | Jacinto Flores Produce, Inc. | $0.00 | $2,538.72 |
| | | Lange Company International, Inc. dba Seven Seas | $0.00 | $13,355.29 |
| | | Law Offices of Robert Goldman Trust Account | $0.00 | $759,512.13 |
| | | Law Offices of Alejandro A. Zamora, Esq., P.A. "Trust Account" | | $3,903.66 |
| | | Muzzi Family Farms LLC | | $2,373.60 |
| | | Muzzi Family Farms, LLC | | $6,270.50 |
| | | Niagara Fruit Company | | $15,688.13 |
| | | Peterson Farms Fresh Inc | | $14,249.24 |
| | | So Fresh Wholesale Corp. | | $44,311.25 |
| | | Sol Group Marketing Company | | $822.39 |
| | | Sun Belle Inc | | $1,997.77 |
| | | Tony Palumbo Mushroom and Trucking LLC | | $11,151.37 |
| | | Vivid Fruit and Produce, LLC | | $2,403.05 |
| | | Wayne E. Bailey Produce Company | | $7,423.37 |
| | | World Variety Produce, Inc | | $6,177.48 |
| | | Yes Fresh, Inc. | | $845.18 |
| | | Zabile, Inc. | | $1,942.54 |
| **PACA Claimants Total** | | | **$0.00** | **$1,037,804.72** |
| Sabadell United Bank A/N | Asset Proceeds | The Produce Connection, Inc | $84,727.46 | $0.00 |

| | | | | |
|---|---|---|---|---|
| Sabadell United Bank A/N 1808 | | | | |
| Total | | | $84,727.46 | $0.00 |
| Settlement with AMEX | Asset Proceeds | American Express | $50,000.00 | $0.00 |
| Settlement with AMEX Total | | | $50,000.00 | $0.00 |
| Wages | Wages | Katrina L Nottage | $0.00 | $175.47 |
| Wages Total | | | $0.00 | $175.47 |
| Wells Fargo Checking | Asset Proceeds | Wells Fargo | $500.00 | $0.00 |
| Wells Fargo Checking Total | | | $500.00 | $0.00 |
| Grand Total | | | $3,614,803.82 | $3,534,688.89 |

# EXHIBIT "C"

**THE PRODUCE CONNECTION, INC.**
**Case No.: 16-26156-BKC-AJC**

**DISTRIBUTION ANALYSIS**

| RECEIPTS | AMOUNT |
|---|---|
| **TOTAL CASE RECEIPTS** | **$ 3,614,803.82** |
| **PACA Receipts** | |
| 100% - Adv 18-01103 - US Dept of Defense | $    169,454.67 |
| 93% - Other Assets | |
| Excludes: Adv 18-01471 - Roadrunner Transportation & Adv 18-01472 - All Points | |
| Transportation which are 100% Estate assets | $ 3,188,253.11 |
| **Total PACA Receipts** | **$ 3,357,707.78** |
| **Estate Receipts** | |
| 100% - Adv 18-01471 - Roadrunner Transportation | $        8,000.00 |
| 100% - Adv 18-01472 - All Points Transportation | $        9,120.00 |
| 93% - Other Assets | |
| Excludes Adv 18-01103 - US Dep of Defense which is 100% PACA asset | $    239,976.04 |
| **Total Estate Receipts** | **$    257,096.04** |

| DISBURSEMENTS | |
|---|---|
| **TOTAL DISBURSEMENTS** | **$ 3,534,688.89** |
| **PACA Distributions** | |
| Disbursements to PACA Claimants | $ 1,037,804.72 |
| 100% Chapter 7 Admin Claims related to Adv 18-01103 - US Dept of Defense | $        9,344.60 |
| 93% Split of Disbursements related to other assets | |
| Excludes: Adv 18-01471 - Roadrunner Transportation & Adv 18-01472 - All Points | |
| Transportation which are 100% Estate assets | $ 1,719,615.99 |
| 93% Split of Distribution related to Chapter 7 Admin Claims | $    562,665.54 |
| 93% Split of Distribution related to Banking & Technology Fees | $      26,570.27 |
| **Total PACA Disbursements** | **$ 3,356,001.12** |
| **Estate Distributions** | |
| 100% Chapter 7 Admin Claims related to Adv 18-01471 - Roadrunner | |
| Transportation & Adv 18-01472 - All Points Transportation | $        4,560.00 |
| 7% Split of Disbursements related to other assets | |
| Excludes: Adv 18-01103- US Dep of Defense which is 100% PACA asset | $    129,433.46 |
| 7% Split of Distribution related to Chapter 7 Admin Claims | $      42,694.40 |
| 7% Split of Distribution related to Banking & Technology Fees | $        1,999.91 |
| **Total Estate Receipts** | **$    178,687.77** |

| BALANCE AVAILABLE FOR DISTRIBUTION | $      80,114.93 |
|---|---|
| PACA Available for Distribution | $        1,706.66 |
| Estate Available for Distribution | $      78,408.27 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

                                 Case No. 16-26156-AJC

THE PRODUCE CONNECTION INC.,

                                 Chapter 7

           Debtor.

_____/

## ORDER GRANTING TRUSTEE'S MOTION FOR APPROVAL OF (1) FINAL ACCOUNTING OF PACA TRUST ASSETS AND EXPENSES, INCLUDING AWARD OF TRUSTEE'S AND PROFESSIONALS' FEES AND COSTS FROM TRUST, AND (2) PROPOSED FINAL DISTRIBUTION OF PACA TRUST ASSETS NET OF EXPENSES TO TRUST BENEFICIARIES

On January ____, 2022, the court conducted a hearing on the Trustee's Motion for Approval of (1) Final Accounting of PACA Trust Assets and Expenses, including Award of Trustee's and Professionals' Fees and Costs from Trust, and (2) Proposed Final Distribution of PACA Trust Assets Net of Expenses to Trust Beneficiaries [DE ____]. The court finds:

        (a)    The court has previously made allocations of assets and expenses between the PACA Trust and the debtor's estate, but a final allocation is necessary.

1

Exh. D

(b)    The allocation proposed by the trustee in the motion is a fair and reasonable allocation, including for administrative expenses not yet awarded or paid but provided for in this order;

(c)    The calculation in 11 U.S.C. §326(a) provides a reasonable trustee's fee of $133,903.11, for which the PACA Trust should bear the burden of 93% of that fee.

(d)    As to the fees and costs which are the subject of the pending final fee applications of the trustee's attorney (GrayRobinson, P.A., DE 410) and accountant (KapilaMukamal, LLP, DE 409), the court applies the criteria specified in 11 U.S.C. §330, the requirements of Fed. R. Bank. P. 2016, and the principles stated in *Norman v. Housing Authority of Montgomery,* 836 F. 2d 1292, 1299 (11th Cir. 1988) (citing *Johnson v. Georgia Highway Express, Inc.,* 488 F. 2d 714 (5th Cir. 1974); *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546 (1986); *Blum v. Stenson,* 465 U.S. 886, 897 (1984); and *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); and each of the factors that govern the reasonableness of fees as set forth in *Matter of First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977) and *Johnson v. Georgia Highway Express, Inc.,* 488 F. 2d 714 (5th Cir. 1974), as made applicable to bankruptcy fee applications by *Hatchett v. Miller (In re Red Carpet Corporation of Panama City Beach),* 902 F. 2d 883 (11th Cir. 1990).  The court finds that reasonable compensation for the services provided by the trustee's professionals, reasonable reimbursement for the costs actually and necessarily incurred by them, and the reasonable share that the PACA Trust should pay, are as follows:

GrayRobinson, P.A.
| | |
|---|---|
| Fees previously requested, after reductions | $218,666.00 |
| Fees previously paid | (188,357.20) |

| | |
|---|---|
| Costs previously requested | 10,050.98 |
| Costs previously paid | (10,050.98) |
| Balance (holdback) requested | 47,089.30 |
| Additional fees since prior fee application | 40,000.00 |
| Additional costs since prior fee application | 1,515.85 |
| Amount remaining unawarded | $88,605.15 |

Amount of reasonable final cumulative award: $275,446.50 fee and $11,566.83 costs, of which $87,089.30 in fees and $1,515.85 in costs remain to be paid

PACA Trust's share of final cumulative awards, based on the allocation recommended in the motion: $258,262.59.

KapilaMukamal, LLP

| | |
|---|---|
| Fees previously requested, after reductions | 101,698.80 |
| Fees previously paid | (81,359.04) |
| Costs previously requested | 1,689.18 |
| Costs previously paid | (1,689.18) |
| Balance (holdback) requested | 20,339.76 |
| Additional fees since prior fee application | 11,189.35 |
| Additional costs since prior fee application | 641.96 |
| Amount remaining unawarded | 32,171.07 |

Amount of reasonable final cumulative award: $112,888.15 fee and $2,331.14 costs, of which $31,529.11 in fees and $641.96 in costs remain to be paid

PACA Trust's share of final cumulative awards, based on the allocation recommended in the motion: $107,153.93.

(e)     Section 725 of the Bankruptcy Code provides that "the trustee…shall dispose of any property in which an entity other than the estate has an interest…that has not been disposed of under another section of this title." There is no other provision of the Code on the subject of the liquidation of trust assets or the disposition of the proceeds, but section §105(a) of the Bankruptcy Code—giving this court the power to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Code]"—provides sufficient authority for distributing PACA Trust funds, because (a) the debtor holds *legal* title to the funds under 11 U.S.C. §541(d), (b)

3

the PACA Trust beneficiaries are also creditors of the bankruptcy estate, and (c) the distribution of the trust funds is necessary for the court to determine the deficiency amount which will be claims against the general estate. DE 114 implicitly recognized this in directing that the trustee administer the trust assets and make distributions to the beneficiaries.

(f)     Exhibit A to the motion lists the amounts of the previously allowed claims against the PACA Trust and the amounts already paid to those claimants. Based on the allocations approved in this order, and after the payment of the trustee's fee and professional fees and costs awards made in this order, the $1,706.66 left available to PACA Trust beneficiaries for a final distribution from the trust is accurately divided pro rata in Column G of Exhibit A to the motion.

Therefore, it is ORDERED:

1.     The motion is granted as follows.

2.     The trustee's proposed final allocation of assets and expenses between the PACA Trust and the Estate outside the trust, as shown on the first page of Exhibit B, is approved.

3.     The court award the sums shown in the chart in findings (c) and (d) above as the final awards to the trustee and his professionals, and approves the payments of the portions shown as allocable to the PACA Trust; provided, however, that the payments shall be made only when the court enters orders approving fees after the circulation of a propose final report to all creditors who have filed claims.

4.     The trustee's proposed final distributions to PACA Trust beneficiaries, shown in Column G of Exhibit A to the motion, is approved. The deficiencies in the trust beneficiaries'

4

PACA allowed claim, but excluding post-petition interest, shall be treated as allowed general

unsecured claims when the trustee proposes a final distribution to estate creditors.

###

Submitted by:  Patrick S. Scott, GrayRobinson, P.A., 401 E. Las Olas Blvd., Suite 1000, Fort Lauderdale, FL  33301; Ph. 954/761-8111

[Mr. Scott is directed to serve a copy of this order on the parties listed and to file a certificate of service.]

Copies to be furnished to:

The Produce Connection, Inc., debtor, c/o Bruce Fishbein
Philip Vova, debtor's counsel
all creditors and trust beneficiaries